**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ADRIAN CAMPBELL, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-4606-TWT-GGB |
| ROBERT A. DEYTON | : | |
| DETENTION CENTER, | : | |
| Respondent. | : | |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner, Adrian Campbell, an inmate at the Robert A. Deyton Detention Center in Lovejoy, Georgia, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241.[1] This matter is now before me for a review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

---

[1] The Clerk docketed the petition as a 28 U.S.C. § 2254 petition challenging a state conviction and sentence. However, Petitioner is in federal custody and appears to be challenging his current detention, which would be properly construed as a 28 U.S.C. § 2241 petition. Therefore, the Clerk is **DIRECTED** to correct the docket to reflect this change.

(hereinafter "Rule 4").² For the reasons discussed below, I recommend that the petition be summarily dismissed without prejudice under Rule 4.

## **Petitioner's Claims**

Petitioner contends that he is being held involuntarily for "invalid and illegal reasons." According to Petitioner, his criminal indictment "lacks the operative facts that give rise to a right enforceable by the Court." Petitioner seeks release and a hearing.

## **Discussion**

Petitioner currently has criminal charges pending against him in this Court. *United States v. Campbell*, Criminal No. 1:11-CR-460-AT. "[W]here habeas claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those

---

²Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases. Rule 4 requires this Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal district courts have the authority under Rule 4 to screen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4 Advisory Committee Notes.

2

claims by raising them at trial and then on direct appeal." *Meyers v. Mukasey*, No. Civ.A 3:08CV581, 2009 WL 210715, at *1 (E.D. Va. Jan. 28, 2009) (quoting *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994)); *cf. Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (holding that the remedies available under 18 U.S.C. § 3145 to challenge pretrial detention orders are strongly preferred to a § 2241 petition). Petitioner may assert his claims in pretrial proceedings in his pending criminal case. *See In Re Williams*, 306 F. App'x 818, 819 (4th Cir. 2009) (dismissing § 2241 petition raising claims of illegal arrest, unlawful detention, and violation of speedy trial rights where the petitioner could raise his claims in his pending criminal case). Thus, Petitioner's petition should be dismissed.

## **Certificate of Appealability**

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that

AO 72A
(Rev.8/82)

any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

I find that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, a certificate of appealability should not issue. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

## Conclusion

Based on the foregoing, **I RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** under Rule 4.

**I ORDER** that Petitioner be granted *in forma pauperis* status for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED** this 25th day of January, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

4